ROBERT QUIGLEY *against* JOEL MIDDLETON.

A writ of restitution issued after, although tested before the death of the defendant or person against whom it issues, will be quashed. And the application to quash may be made on behalf of a party interested.

*Wall* moved to set aside the writ of restitution issued in this case upon the reversal by this court of a judgment of forcible entry and detainer, which had been brought here by *certiorari.* He read affidavits to prove that Joel Middleton,. the person against whom the writ issued, died on the 10th of September, 1828, and to prove that the sheriff did not receive the writ of restitution until the 8th of October last; the writ was tested on the first Tuesday of September, which was the 2d day of September. He also read a deed from Joel Middleton to Benjamin South, dated in August, 1828, for the premises mentioned in the writ of restitution ; and he stated that he made this motion in behalf of the purchaser B: South, and of the executors of Joel Middleton.

*Hamilton* and *Scott* resisted the motion, and contended :

1. That the writ was good because it was tested before the death of Middleton, although it issued after.

2. That if the writ of restitution was irregular, it ought to be set aside only upon the application of a person who had a right to make such application. That the only persons who had a right to make the application, were the heirs of Joel Middleton. That the executors had no right in the land, and that the purchaser having purchased *pendente lite* had no right to make the application.

CH. JUSTICE delivered the opinion of the court, that the writ of restitution must be quashed, because it issued after the death of Middleton.

Writ quashed.